IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RANDY EDWARD HUGHES**
On Behalf of Himself
and All Others Similarly Situated,

           Plaintiff,

v.

**KREIS, ENDERLE, HUDGINS, & BORSOS, P.C.,**

    Defendant.

Hon.
Mag.
Case No.

---

## CLASS ACTION COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, **RANDLY EDWARD HUGHES** ("Hughes" "Plaintiff") by and through counsel, The Law Offices of Brian Parker, PC, and brings this CLASS ACTION against the above listed Defendant, **KREIS, ENDERLE, HUDGINS, & BORSOS, P.C.** ("Kreis, Enderle" "Defendant") on the grounds set forth herein:

### I. PRELIMINARY STATEMENT OUTLINING DEFENDANT'S ILLEGAL CONDUCT

1.

Plaintiff brings this action for damages and injunctive relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and The Regulation of Collection Practices Act (RCPA), codified at MCL 445.251 et seq.

2.

Plaintiff Hughes and the Michigan Class of Consumers who are being sued by Defendant who seek a self-determined, liquidated amount of attorney fees and costs through state collection

lawsuits and without judicial review on the attorney fee damages as part of the subject debt being collected from Mr. Hughes and Michigan consumers in violation of § 1692e and § 1692e(2)(A) and § 1692f(1) and that is not expressly authorized by the original credit agreement.

3.

Defendant Kreis, Enderle, Hudgins & Borsos ("Defendant") is a Kalamazoo, Michigan-based law firm which regularly files a large volume of lawsuits in various Michigan District Courts as part of a concerted effort to collect upon delinquent consumer debts and unliquidated attorney fees and costs.

4.

Defendant's debt collection practice involves the use of a limited number of computer-generated, repetitive forms and upon information and belief is handled in large part by non-attorney staff. The Defendants seek a liquidated attorney fee damage in their demand for damages and "reasonable attorney fees."

5.

A substantial number of the collection lawsuits initiated by the Defendant go undefended, conclude with the entry of a default judgment, and involve a minimal expenditure of time by the Defendant attorneys. Defendant then includes a liquidated damage for attorney fees as a "sum certain" in any default judgment filed with the district court.

6.

As a general rule, Michigan law does not allow the recovery of attorney fees as costs or damages unless expressly authorized by statute or court rule. In the event of a default judgment, Michigan law allows as additional costs an attorney fee of $75.00 pursuant to MCL 600.2441(2)(e).

7.

Upon information and belief, the Defendant's plan and procedure is to include in its' form complaint a claim for "reasonable attorney fees" which are arbitrarily calculated without Judicial Review. The Defendant then includes this additional attorney fee into the alleged debt as damages.

8.

As part of Defendant's plan and procedure, Defaults of their collection complaints, Defendant is effectively able to determine for itself arbitrary attorney fees they choose as "reasonable," the Clerk of the Court signs off on entering a judgment on an unliquidated amount in violation of MCR 2.603(B)(2) and (3) based on the attorney signatures, and evade the Court's determination of whether the attorney fee is reasonable through application of the factors set forth in *Crawley v. Schick*, 48 Mich. App. 728, 737 (1973).

9.

During all times pertinent hereto, the Defendant directly and indirectly participated in efforts to collect alleged debts from the Plaintiff and presumably others as stated below in this complaint.

## II. JURISDICTION AND VENUE

10.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## III. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

11.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors,

to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

12.

Hughes is a consumer. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

13.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

14.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6). Defendant Kreis, Enderle is considered a debt collector collecting on behalf of creditors like Honor Credit Union (*Exhibit 1*).

15.

Defendant is communicating to Plaintiff and the Plaintiff class that they owe an unliquidated debt as part of the damages owed in collection lawsuits out of a credit transaction primarily for personal, family, or household purposes 15 U.S.C. § 1692a(5).

16.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Whether a debt collector's actions are false, deceptive, or

misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

17.

In applying the "least sophisticated consumer" standard, the Sixth Circuit has adopted the "more than one reasonable interpretation standard." *Kistner*, 518 F.3d at 441. Under that approach, a collection letter can be "deceptive" if it is open to "more than one reasonable interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "[T]he 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test." Id.

18.

Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

19.

Section 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Unlike § 1692f, this provision of the FDCPA does not contain an exception for collection of amounts expressly authorized by the agreement creating the debt. Thus, "[e]ven if attorneys' fees are authorized by contract . . . and even if the fees are reasonable, debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors." *Fields v.*

*Wilber Law Firm*, 383 F.3d 562, 565 (7th Cir. 2004).

20.

To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

## REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (RCPA)

21.

The Michigan Consumer Protection Act (RCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

22.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

23.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or

repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

24.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

25.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.

26.

"Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or

transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

27.

"Person" means an individual, sole proprietorship, partnership, association, or corporation. Defendant Kries, Enderle is a regulated person under § 445.251(g)(xi),

28.

The MCPA's reference to "[a]n attorney handling claims and collections on behalf of a client and in the attorney's own name," Mich. Comp. Laws § 445.251(g)(xi), is better understood as encompassing *both* attorneys who handle claims and collections on behalf of a client *and* attorneys who seek to collect a debt owed to themselves or their firms. *Misleh v. Timothy E. Baxter & Associates*, 786 F. Supp. 2d 1330 - Dist. Court, ED Michigan 2011.

29.

The RCPA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)) held that "§ 445.252(e) applies to Defendant, its analysis is similar to that under § 1692e of the FDCPA, both of which bar misleading and deceptive communications... In light of the similarity between 15 U.S.C. § 1692e 15 U.S.C. § 1692g and these causes of action, it appears appropriate to view Plaintiff's claims under the same "least sophisticated consumer" standard.

30.

The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FCDPA and the RCPA and all other common law or

statutory regimes. The Plaintiff, on behalf of himself and all others similarly situated requests that he and the class members be awarded statutory, common law, punitive, and/or actual damages payable by the Defendant under the FDCPA and RCPA.

### IV. FACTUAL ALLEGATIONS

31.

On or around September 25, 2014, the Defendant initiated a civil complaint against the Plaintiff on behalf of Honor Credit Union in the 57th District Court of Michigan, case number 14-2729-GC (*see Exhibit 2*). The complaint at issue specifically alleged a breach of contract on the part of Mr. Hughes specific to a Motor Vehicle Purchase Agreement he had previously entered into with Honor Finance Credit Union, with damages sought in the amount of $11,725.77, plus interest, costs, and attorney fees.

32.

The debt purportedly owed by the Plaintiff was for personal, family or household purposes and was therefore representative of "consumer debt" as that term is defined by 15 U.S.C 1692a(5).

33.

Pursuant to Paragraph 10 of the above-referenced complaint (*Exhibit 2*), the Defendant was "further entitled to its costs of collection including a reasonable attorney fee pursuant to the terms of the parties' contract. The State Court Complaint, Defendant alleges that Attorney fees accrued to date, per the contract, are $600.00" (*Exhibit 2*).

34.

On October 29, 2014, a Default, Request, Affidavit, Entry and Judgment was entered against Mr. Hughes granting Honor Credit Union judgment "for a sum certain" in the amount of $11,725.77; costs in the amount of $190.26, and attorney fees in the amount of $600.00, for a total

of $12,516.03 (*see Exhibit 3*).

35.

The inclusion of a liquidated sum as attorney fees with the principal debt owed altered the terms of the contract between Hughes and Huron Credit Union and violated the FDCPA. The contract he signed with Huron Credit Union (*Exhibit 1*) required that he pay a "reasonable attorney fee," not $600.00 or any other liquidated amount or sum certain.

36.

It is established that a reasonable attorney fee is not a sum certain. *Flynn v. Mastro Masonry Contractors*, 237 F.Supp. 2d 66, 70 (D.D.C. 2002).

37.

Under Michigan law, the Court must ultimately determine the reasonableness of an attorney fee amount based upon evidence provided to the Court. *In re Howarth's Estate*, 108 Mich. App. 8, 12-13, 310 N.W. 2d 255, 257 (1981). While a contract may include a provision requiring a breaching party to pay the other side's attorney fees, recovery is limited to reasonable attorney fees and the party requesting the fee must introduce evidence of reasonableness. *Zeeland Farm Services, Inc. v. JBL Enterprises*, 219 Mich. App. 190, 195-96, 555 N.W. 2d 733, 736 (1996).

38.

Upon information and belief, it is the policy and practice of the Defendant to seek awards for "reasonable attorney fees" illicitly claimed, as a "sum certain" without providing independent evidence for a court review, justifies same, and otherwise basing the award sought upon arbitrary, unliquidated, and likely unearned attorney fees.

39.

This class action alleges that, in Michigan collection Lawsuits filed against Plaintiff and similar situated class members, the Defendant otherwise fails to introduce any independent,

countervailing evidence to establish how their "reasonable attorney fee" was calculated, and has to date provided no reasonable explanation as to how the contract it utilized as a supposed calculation of its' attorney fee set forth how such a fee was to be determined in contradiction to the terms of the subject contract.

40.

Plaintiffs are informed and believe, and on that basis allege, that the Defendant has a policy and practice of suing consumers such as the members of the Michigan Class, with computer-generated, mass-produced lawsuits -- in the form of the lawsuit at (Exhibit 2) – billing for unliquidated "reasonable attorney fees" as sum certain without any court review as to why the amount is owed in violation of 15 U.S.C. §§ 1692e, 15 U.S.C. §§ 1692e(2)(A), 15 U.S.C. §§ 1692f(1) and 15 U.S.C. §§ 1692e(10).

.

## V. CLASS ACTION ALLEGATIONS

41.

Plaintiff realleges the above pleadings.

42.

Plaintiff brings this lawsuit as a class action. Plaintiff tentatively defines two classes as all persons in the State of Michigan who, during the one-year (FDCPA) and six years (RCPA) prior to the filing of this complaint, sued with similar form pleadings similar to (*Exhibit 2*). Plaintiff may subsequently redefine the class definition in light of discovery.

43.

The FDCPA Class consists of all persons with a Michigan address that were sued by Defendants where the lawsuit was based upon the default of a credit contract where Defendant sought to convert an unliquidated, reasonable attorney fee into a sum certain without judicial

review in violation of 15 U.S.C. §§ 1692e, 15 U.S.C. §§ 1692e(2)(A), 15 U.S.C. §§ 1692f(1) and 15 U.S.C. §§ 1692e(10) during the one year period immediately preceding the filing of this complaint and the date of class certification.

44.

The RCPA Class all persons with a Michigan address that were sued by Defendants where the lawsuit was based upon the default of a credit contract where Defendant sought to convert an unliquidated, reasonable attorney fee into a sum certain without judicial review in violation of MCLA 445.252(e), MCLA 445.252(f), MCLA 445.252(d) and (q) during the six year period immediately preceding the filing of this complaint and the date of class certification.

45.

There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal and common issue is whether Defendants' conduct in connection with the seeking to convert nonliquidated damages or attorney fees into a sum certain for attorney fees and costs without judicial review during the collection of a debt.

46.

There are no individual questions, other than whether the class member received one of the offending letters, which can be determined by a ministerial inspection of the records and collection notes of Defendants.

47.

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to vigorously litigating this matter. He is greatly annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, he has retained counsel experienced in litigating the FDCPA, RCPA, consumer advocacy and class claims. Neither

Plaintiff nor their counsel has any interests, which might cause them to not vigorously pursue this claim.

48.

Plaintiff claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theories.

49.

A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the consumers who sued by Defendants undoubtedly have no knowledge that their rights are being violated by illegal collection practices. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, e.g, for securities fraud.

50.

Certification of each class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate because:

(a) The questions of law and fact common to the members of each class predominate over any questions affecting an individual member: and

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

51.

There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant questions are:

a. Whether Defendant had a practice of suing Michigan Consumers for unliquidated damages as a sum certain without judicial review;

b. Whether doing so violated the FDCPA and RCPA.

52.

Certification of each class under Rule 23(b)(2) of the Federal Rules of Civil Procedure also is appropriate because Defendants have acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class as a whole.

53.

Plaintiffs request certification of a hybrid class action, combining the elements of FRCP 23(b)(3) for monetary damages and FRCP 23(b)(2) for equitable relief.

## VI. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

54.

Defendant has violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a. Defendant violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of an unliquidated damage or attorney fee as a sum certain without judicial review as stated above; and

b. Defendant collected on the debt and violated 15 U.S.C. 1692f(1) with the collection of an unauthorized reasonable attorney fee without authorization by the agreement creating the debt or permitted by law at (*Exhibit 1* and *Exhibit 2*); and

c. The Defendant's written communications and pleadings in the form attached as (*Exhibit 2*)

  are false, deceptive, and misleading in that these communications disguise unliquidated reasonable attorney fees as sum certain without judicial review in violation of 15 U.S.C. §1692e(10); and

d.  Defendant violated 15 U.S.C. 1692e(2)(A) with the use of false, deceptive or misleading representations in connection with collecting a debt with the false representation of the character, amount and legal status of the unliquidated debt being collected in the form of a sum certain in their pleadings at (*Exhibit 2*) as mentioned above

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a.  Statutory and Actual damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b.  Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to 15 U.S.C. 1692k(a)(2)(B);

c.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3) with a judicial review; and;

d.  Such further relief as the court deems just and proper.

## Count 2-Michigan Collection Practices Act

### 55.

Defendants have violated the RCPA. Defendant's violations of the RCPA include, but are not necessarily limited to, the following:

a.  Defendant violated MCLA 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, using (*Exhibit 2*) as mentioned above;

b.  Defendant violated MCLA 445.252(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not

      revealing the purpose of a communication when it is made in connection with collecting a debt at (*Exhibit 2*); and

c.    Defendant has violated MCLA 445.252(f) Misrepresenting in a communication with a debtor 1 or more of the following:

    (i)    The legal status of a legal action being taken or threatened.

    (ii)    The legal rights of the creditor or debtor at (*Exhibit 2*);

d.    Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee by continuing to seek unauthorized advances not authorized under the mortgage contract of Michigan Consumers for six years through forms at (*Exhibit 1* and *Exhibit 2*).

e.    Defendant has violated MCLA 445.252(d) by using forms that may otherwise induce the belief that they have judicial or official sanction is involved such as (*Exhibit 2*) or (*Exhibit 3*).

**Wherefore,** Plaintiff seeks judgment against Defendants for:

a.    Statutory damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b.    Statutory damages for each member of the MOC Class in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2), and without regards to defendant's net worth;

c.    Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the RCPA, as well as an injunction, enjoining Defendants from using (*Exhibit 2*) and (*Exhibit 3*) which violates Michigan law; and

d.    Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2) with judicial

sanction.

## VII. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

                                                Respectfully submitted,

September 15, 2015                  s/Brian P. Parker
                                                BRIAN P. PARKER (P48617)
                                                Attorney for Plaintiff